**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:16-cv-1194** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **MARK E. NUTTER,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on the United States' Motion for Summary Judgment. (ECF No. 19). For the reasons that follow, this Court **GRANTS** the United States' Motion.

## I. BACKGROUND

### A. Factual Background

Defendant Mark E. Nutter was the owner and president of Nutter Machine Company, Inc. ("Nutter Machine" or "NMC"). (ECF No. 1 at 1). Nutter Machine properly withheld employment taxes from its employees' paychecks but used those withholdings to pay its operating expenses rather than paying them to the Internal Revenue Service (IRS) as required by law. (ECF No. 1 at 1). As required by 26 U.S.C. §6672, a delegate of the Secretary of the Treasury properly gave Mr. Nutter notice of the liabilities upon him and made a demand for payment. (ECF No. 1 at 2).

In August 2007, Mr. Nutter, through his representative, requested a collection due process (CDP) hearing with respect to the assessments for the tax quarter ending 3/31/2004. (ECF No. 19 at 7). The IRS issued a Notice of Determination in February 2008, and in May 2008, the CDP hearing request was resolved. (ECF No. 19 at 7).

A delegate of the Secretary of the Treasury made the following assessments against Mr. Nutter. The assessments have balances due, including accruals, as of April 30, 2018, as follows:

| Quarterly Tax Period | Assessment Date | Amount Assessed | Unpaid Balance as of April 30, 2018 |
|---|---|---|---|
| 3/31/2004 | 5/22/2006 | $74,513.69 | $93,296.35 |
| 6/30/2007 | 9/15/2008 | $5,838.16 | $8,263.37 |
| 12/31/2007 | 9/15/2008 | $19,540.66 | $27,621.00 |
| 3/31/2008 | 9/15/2008 | $11,868.74 | $16,776.66 |
| | | Total: | $145,957.38 |

(ECF No. 19 at 8).

Pursuant to 26 U.S.C. § 6672, the United States brought this civil action for the unpaid trust fund recovery penalties for the quarterly tax periods ending 3/31/2004, 6/30/2007, 12/31/2007, and 3/31/2008. (ECF No. 19 at 1). The United States argues there is no genuine dispute of material fact and moves for Summary Judgment.

Mr. Nutter argues the United States is barred by the statute of limitations, which is set forth in 26 U.S.C. § 6502. (ECF No. 2 at 1). Mr. Nutter also argues that the United States has calculated the balance wrong because, responding to the IRS's Notices of Levy, some of Nutter Machine's creditors paid the U.S. Treasury instead of Nutter Machine. (ECF No. 23 at 3). Mr. Nutter opposes the Motion for Summary Judgment, arguing these and other material facts remain in genuine dispute. (ECF No. 23).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson*, 477 U.S. at 251; *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to

make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322 (quoting *Anderson*, 477 U.S. at 250).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). Therefore, for purposes of Plaintiffs' Motion, the Court will view the facts in the light most favorable to Defendants.

## III. ANALYSIS

### A. The Standard for Liability

Employers are required to withhold social security taxes imposed on their employees and are required to withhold income taxes from the wages of employees. 26 U.S.C. §§ 3102, 3402. These withheld taxes are part of the employee's wages, held by the employer in trust for the government. 26 U.S.C. § 7501. These "trust fund taxes" are for the "exclusive use of the Government and are not to be used to pay the employer's business expenses, including salaries, or for any other purpose." *Gephart v. United States,* 818 F.2d 469, 472 (6th Cir. 1987) (citing *McGlothin v. United States,* 720 F.2d 6, 8 (6th Cir. 1983). Because the government is required by law to credit employees for the amount withheld from their wages, if the employer fails to pay over the withholding taxes, the government could end up refunding employees without ever receiving the revenue in the first place. 26 U.S.C. § 31(a)(1); 26 C.F.R. 1.31-1(a). *See generally Bolding v. United States,* 565 F.2d 663, 669 (Ct. Cl. 1977).

As a result, the tax code provides the government with a mechanism to recover these funds from employers who do not pay over the withheld taxes. The tax code outlines liability for "any person" who willfully fails to account for and pay over these withholding taxes. 26 U.S.C. §

6672. Despite being called a "penalty," the "statutory liability imposed by Section 6672 is essentially civil in nature." *McGlothin*, 720 F.2d at 8 (internal citation omitted). The Sixth Circuit has explained that liability under § 6672 "attaches if an individual meets two requirements. She must be a 'responsible person' under the statute, and she must 'willfully' fail to pay over to the government the amount due." *Gephart*, 818 F.2d at 473.

Although both prongs of this test must be met for liability to attach, the government's trust fund recovery penalty assessment is presumptively correct. *United States v. Collins*, 848 F.2d 740, 742. In addition to the burden of showing that the assessment itself is "inaccurate or erroneous," the person assessed also has the burden of "proving, by a preponderance of the evidence, that he was not a responsible person who willfully failed to pay over the withheld taxes." *Collins*, 848 F.2d at 742.

At this summary judgment stage, this Court must draw all inferences in favor of the non-moving party—here, Mr. Nutter. The question presented is: drawing all inferences in favor of Mr. Nutter, is there a genuine dispute of material fact about whether he was a responsible person who willfully failed to pay over the withheld taxes? Because the government's assessment is presumptively correct, in answering this question the Court must assume the government's determinations are correct, and Mr. Nutter has the burden of overcoming these presumptions by a preponderance of the evidence.

The government has argued, and this Court agrees, that Mr. Nutter was a responsible person at Nutter Machine, and that he willfully failed to pay over to the government the withheld taxes. These two elements will be considered in turn.

1. *Responsibility*

The first element of § 6672 liability is whether the person was "responsible" within the meaning of the statute. The test for whether an individual is a "responsible person" is "essentially a functional one, focusing on the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors." *Gephart*, 818 F.2d at 473. Courts have considered: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; and (5) the identity of the individuals who were in control of the financial affairs of the corporation. *Id*. (citing *Braden v. United States*, 318 F.Supp. 1189, 1194 (S.D. Ohio 1970), *aff'd*, 442 F.2d 342 (6th Cir.), *cert. denied*, 404 U.S. 912 (1971). Section 6672 provides that liability attaches to any "person required to collect, truthfully account for, and pay over any tax imposed by this title." The Supreme Court has read this provision to describe individuals who are "responsible for collection of third-party taxes," not necessarily those who "perform *all three* of the enumerated duties." *Slodov v. United States*, 436 U.S. 238, 250 (1978) (emphasis added).

Here, there can be no dispute that Mr. Nutter was a responsible person at Nutter Machine. In his deposition, Mr. Nutter explained that he was the only person at NMC who had signing authority for the Nutter Machine account. (ECF No. 19, Ex. 1 at 31:5-9, 21-23; hereinafter, "Nutter Deposition"). Mr. Nutter signed all checks to pay company expenses and signed all payroll checks to NMC employees. (Nutter Deposition at 30:15-19, 31:5-14; 57:13-14). Mr. Nutter also explained that he was responsible for filing all the tax returns for NMC and for paying over the withheld taxes to the government. (Nutter Deposition 65:5-12, 72:9-15). In his

responses to the Government's Requests for Admissions, Mr. Nutter admitted that he was responsible for ensuring that NMC complied with its employment tax obligations. (ECF No. 19, Ex. 2 at ¶11; hereafter Requests for Admissions). Mr. Nutter made spending decisions on behalf of NMC. (Nutter Deposition 83:8-17; Requests for Admissions at ¶4). Mr. Nutter was the only individual at NMC authorized to incur debt or obtain loans on the company's behalf. (Nutter Deposition 99:12-17). Mr. Nutter had access to the financial books and records of NMC. (Nutter Deposition 26:24, 27:1-6). And Mr. Nutter hired and fired employees. (Nutter Deposition 15:19-22).

In his deposition and in his responses to the Government's Requests for Admissions and the Government's Interrogatories, Mr. Nutter confirms that he was a responsible person at NMC. Although *Slodov* makes clear that a person need not perform *all* the statutorily enumerated duties, Mr. Nutter did in fact perform all of these duties for NMC.[1] Mr. Nutter also satisfies the indicia outlined in *Gephart*: he was the corporate officer who signed the corporation's checks, who hired and fired employees, and who was "in control of the financial affairs of the corporation." *Gephart* 818 F.2d at 473. There can be no genuine dispute that Mr. Nutter was a "responsible person" within the meaning of the statute at Nutter Machine.

2. *Willfulness*

The second element of § 6672 liability is whether the responsible person acted willfully. Willfulness is established if "the responsible party acts voluntarily, knowingly, and intentionally or with reckless disregard of facts and known risks that the taxes were not being paid." *Luce v. Luce*, 119 F.Supp.2d 779, 785 (S.D. Ohio 2000). *See also Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (reciting the willfulness standard). Willfulness is also "present if the

[1] The fact that Mr. Nutter was the only person at NMC with these duties has no bearing on this analysis; if there were other possible responsible persons, the analysis could be done with respect to their duties, too.

responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government." *Gephart*, 818 F.3d at 475. It is not necessary that the responsible person demonstrate an intent to defraud the government. *Barnett v. United States*, 594 F.2d 219, 222 (6th Cir. 1979). Rather, "willfulness as a matter of law" includes instances where the "responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes." *Luce*, 119 F.Supp.2d at 785.

There can be no genuine dispute that Mr. Nutter acted willfully when he failed to pay over the withheld taxes. On several occasions, Mr. Nutter made the deliberate choice to pay NMC's creditors, to take a salary himself, or to pay his employees rather than pay over the withheld taxes to the government. This is "willfulness as a matter of law." *Luce*, 119 F.Supp.2d at 785. Mr. Nutter signed and reviewed all the federal tax returns on behalf of NMC. (Nutter Deposition 59:4-11). Mr. Nutter knew as soon as the taxes were due that he would have difficulty paying his creditors, making payroll, and also paying over the withheld taxes. (Nutter Deposition 68:22-24, 69:1-24, 70:1-19). He also discussed the situation with his employees. (Nutter Deposition 82:14-24, 83:1-2).

Despite his knowledge of NMC's financial situation, Mr. Nutter continued to pay his creditors, himself, and payroll instead of the United States. During the quarters in which Mr. Nutter failed to pay over the withheld taxes, NMC nevertheless paid its "suppliers, utility bills, employee wages, and state taxing authorities, all with checks Mr. Nutter signed." (ECF No. 19 at 18). Mr. Nutter also received a salary ranging from $60,000 to $80,000 during this time. (Nutter Deposition 18:1-4). The IRS visited Mr. Nutter in 2004 to discuss his tax liability, but despite the additional knowledge from this conversation, he did not change his behavior. Instead, he told the

IRS that he knew as early as January 2004 that there were not sufficient funds to pay all his creditors and also the United States. (ECF No. 19, Ex. 4). During his deposition, Mr. Nutter explained that he was facing a choice between paying his employees and paying the United States, so he chose to pay his employees, with the "hope[] that I could eventually get caught up and pay the IRS." (Nutter Deposition 64:20-24).

These facts demonstrate willfulness. Mr. Nutter knew that he needed to pay over the withheld taxes to the IRS. But instead he paid his creditors, his employees, and continued to take a salary. Having the knowledge that these funds were meant to be held in trust, Mr. Nutter nevertheless decided to pay them out to parties besides the United States government. He thus acted voluntarily and with the knowledge that the taxes were not being paid. As a matter of law, it is irrelevant that he did not intend to defraud the government. There can be no genuine dispute that Mr. Nutter acted willfully.

**B. Defenses**

Mr. Nutter has attempted to raise two defenses. (ECF No. 2; ECF No. 23). First, he argues that the United States brought this action outside the statute of limitations; second, that the total balance the United States claims is owed does not properly reflect payments made by NMC's creditors who paid the IRS rather than NMC after receiving Notices of Levy.

Mr. Nutter's first defense fails because this action was timely brought. The statute of limitations is codified at 26 U.S.C. § 6502(a)(1), and reads, in relevant part:

> Where the assessment of any tax imposed by this title has been made within the period of limitations properly applicable thereto, such a tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding is begun within ten years after the assessment of the tax.

The ten-year clock begins to run when the assessment is made. The Government filed its complaint on December 22, 2016. Therefore, the only payments in question would be those

assessed before December 2006. Three of the quarters for which Mr. Nutter owes payment were assessed in 2008, so these are within the statute of limitations. For the fourth quarter – the period ending 3/31/2004, assessed on 5/22/2006 – the government has still timely brought this action.

Where a Collections Due Process (CDP) hearing is requested, the statute of limitations is suspended while the hearing process is completed. This procedure is codified at 26 U.S.C. § 6330(e)(1) and reads, in relevant part:

> …[I]f a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment) … shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any period expire before the 90th day after the day on which there is a final determination in such hearing.…

In 2007, Mr. Nutter retained a tax firm, Omni Financial, to request a CDP hearing. (Nutter Deposition, 39:1-24, 43:12-24, 44:1-24). This request was made on August 13, 2007. As outlined in § 6330(e)(1), such a request suspended the statute of limitations until the IRS made a final determination following the hearing. The final Notice of Determination was issued on February 22, 2008, so per the statute, the clock would begin to run again the next day. Therefore, the government had ten years and 286 days from the original assessment date to begin this civil action; this results in a deadline of March 4, 2017. Because the initial assessment was made on May 22, 2016 and the United States filed this complaint on December 22, 2016, this action was timely brought and Mr. Nutter's first defense must fail.

Mr. Nutter's second defense is that of payment. He argues that the total assessment made by the government does not reflect payments made by NMC's creditors pursuant to the IRS's Notices of Levy, sent in 2008. (ECF No. 23 at 3). Other than baldly asserting that the amount assessed is incorrect, Mr. Nutter provides no material facts to dispute the government's conclusion, which carries a presumption of accuracy. In any event, this defense was waived

because it was not timely raised. The Sixth Circuit has held that "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter,* 369 F.3d 906, 911 (6th Cir. 2004). "Payment" is an affirmative defense specifically outlined in the Federal Rules of Civil Procedure, and as such, must be raised in the first responsive pleading or else waived. Fed. R. Civ. P. 8(c). Mr. Nutter did not raise this defense in his first responsive pleading. Indeed, Mr. Nutter did not raise this defense until his memorandum in opposition to the United States' Motion for Summary Judgment. (ECF No. 23). As a result, Mr. Nutter's defense of payment fails because it was waived.

## IV. CONCLUSION

For the reasons above, this Court concludes that there is no "genuine dispute of material fact." The Court therefore **GRANTS** the United States' Motion for Summary Judgment. Mr. Nutter is **ORDERED** to pay in full his unpaid tax liabilities from the quarters ending March 31, 2004; June 30, 2007; December 31, 2007; and March 31, 2008. The total amount Mr. Nutter owes shall be this total unpaid liability plus statutory accrual and interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

**IT IS SO ORDERED.**

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: February 25, 2019**